UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| RANDOLPH WAYNE GARLAND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:24-cv-00007-NT |
| | ) | |
| CHRISTINA NEWMAN, et al., | ) | |
| | ) | |
| Defendants | ) | |

## RECOMMENDED DECISION AFTER REVIEW OF PLAINTIFF'S COMPLAINT

Plaintiff, who is in custody at the Hancock County Jail, has filed a complaint for money damages alleging that he was assaulted by another inmate in the jail. (Complaint, ECF No. 1.) Plaintiff has named as defendants several officers who evidently work at or are responsible for the conditions at the jail.

In addition to his complaint, Plaintiff filed an application to proceed without the prepayment of the filing fee (ECF No. 2), which application the Court granted. (Order, ECF No. 4.) Pursuant to the statute that governs matters filed without the prepayment of fees, a preliminary review of Plaintiff's complaint is appropriate. 28 U.S.C. § 1915(e)(2). Additionally, Plaintiff's complaint is subject to screening "before docketing, if feasible or … as soon as practicable after docketing," because he is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).

Following a review of Plaintiff's complaint, I recommend the Court dismiss the matter unless Plaintiff files an amended complaint in accordance with this recommended decision.

## FACTUAL ALLEGATIONS

Plaintiff alleges that when he was arrested in November 2022, the arresting law enforcement officers directed that Plaintiff have no contact with a co-defendant. According to Plaintiff, despite the directive, jail personnel placed Plaintiff and the co-defendant in the same cell. Plaintiff asserts the co-defendant tried to kill him, choked him, and split his face open.

## DISCUSSION

28 U.S.C. § 1915 is designed to ensure meaningful access to the federal courts for individuals unable to pay the cost of bringing an action. When a party is proceeding pursuant to the statute, however, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

In addition to the review contemplated by § 1915, Plaintiff's complaint is subject to screening under the Prison Litigation Reform Act because Plaintiff currently is incarcerated and seeks redress from governmental entities and officers. *See* 28 U.S.C. § 1915A(a), (c).

The § 1915A screening requires courts to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim …; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A self-represented plaintiff is not exempt from this framework, but the court must construe his complaint 'liberally' and hold it 'to less stringent standards than formal pleadings drafted by lawyers.'" *Waterman v. White Interior Sols.*, No. 2:19-cv-00032-JDL, 2019 WL 5764661, at *2 (D. Me. Nov. 5, 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). "This is not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim." *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980).

The Cruel and Unusual Punishment Clause of the Eighth Amendment, as applied to the states through the Fourteenth Amendment, imposes a duty on prison officials to protect inmates from violence at the hands of other inmates. *Lakin v. Barnhart*, 758 F.3d 66, 70 (1st Cir. 2014). "That duty has its origins in the forced dependency of inmates[.]" *Giroux v. Somerset Cty.*, 178 F.3d 28, 31 (1st Cir. 1999). "Having incarcerated 'persons [with]

3

demonstrated proclivit[ies] for antisocial criminal, and often violent, conduct,' having stripped them of virtually every means of self-protection and foreclosed their access to outside aid, the government and its officials are not free to let the state of nature take its course." *Farmer v. Brennan*, 511 U.S. 825, 833 (1970) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526 (1984)).

Under the law, however, not every incident of prisoner-on-prisoner violence that results in injury gives rise to constitutional liability. *Lakin*, 758 F.3d at 70. To raise a genuine issue of constitutional liability, a plaintiff must demonstrate that he or she was "incarcerated under conditions posing a substantial risk of serious harm," and that the defendant "acted, or failed to act, with 'deliberate indifference to inmate health or safety.'" *Id.* (quoting *Farmer*, 511 U.S. at 834). In other words, a plaintiff must satisfy both an objective standard (substantial risk of serious harm) and a subjective standard (deliberate indifference) in order to prove a claim of deliberate indifference. *Kosilek v. Spencer*, 774 F.3d 63, 82 (1st Cir. 2014) (en banc). "[A] prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847.

Here, although Plaintiff has alleged facts that might support a claim and has named four individuals as defendants, he has not described the relevant conduct of each individual and how the conduct caused or contributed to his alleged injuries. On a claim against an individual, a plaintiff must allege facts that would support a finding that the individual,

4

through his or her individual actions, violated the plaintiff's constitutional rights. *Ashcroft v. Iqbal,* 556 U.S. 662, 676–77 (2009). For Plaintiff to assert an actionable claim against the individual defendants, Plaintiff must set forth the acts or omissions of each individual whom Plaintiff contends failed to protect him from harm. Plaintiff may amend his complaint to allege additional facts. If Plaintiff fails to amend his complaint to allege with more specificity how a defendant or the defendants failed to protect him from harm, dismissal of Plaintiff's complaint would be warranted.

## CONCLUSION

Based on the foregoing analysis, after a review of Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915 and 1915A, unless Plaintiff files an amended complaint in which he alleges sufficient facts to support a claim against one or more of the individuals named as defendants, I recommend the Court dismiss the matter. If Plaintiff intends to file an amended complaint, Plaintiff shall file the amended complaint within the fourteen-day period to file objections to this recommended decision.

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 13th day of February, 2024.