UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| RANDOLPH WAYNE GARLAND, )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>CHRISTINA NEWMAN, et al., )<br>)<br>Defendants ) | 1:24-cv-00007-NT |

**RECOMMENDED DECISION ON DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT**

In this action, Plaintiff alleges that when he was in custody at the Hancock County Jail, Defendants Christina Newman, Scott Kane, Frank Shepard, and Timothy Richardson, officers at the jail, failed to protect him from harm caused by an inmate at the jail. (Amended Complaint, ECF No. 10.)

Defendants have moved for summary judgment. (Motion for Summary Judgment, ECF No. 21.) Plaintiff did not file a response to the motion.[1]

---

[1] Court mail sent to Plaintiff in September to Plaintiff's last known address has been returned as undeliverable. Plaintiff has not contacted the Court to update his contact information or for any other purpose since April 19, 2024. Parties to litigation have a duty to inquire periodically regarding the status of the litigation and to keep the court informed of their current address and contact information. *United States v. Guerrero*, 302 Fed. App'x 769, 771 (10th Cir. 2008); *Lewis v. Hardy*, 248 Fed. App'x 589, 593 (5th Cir. 2007) (per curiam); *Carvel v. Durst*, No. 1:09-cv-06733, 2014 WL 787829, at *1 n.5 (S.D.N.Y. Feb. 25, 2014); *Am. Arbitration Ass'n, Inc. v. Defonseca*, No. 1:93-cv-02424, 1997 WL 102495, at *2 (S.D.N.Y. Mar. 6, 1997) ("[A] litigant's obligation to promptly inform the Court and the opposing party of an address change is a matter of common sense, not legal sophistication.")

Following a review of the summary judgment record, and after consideration of Defendants' motion,[2] I recommend the Court grant the motion.

## SUMMARY JUDGMENT RECORD

Plaintiff was arrested on November 21, 2022, along with two other individuals, Christopher Smith and Steven Rodriguez. (Defendant's Statement of Material Facts ¶¶ 1, 2, ECF No. 22.) The arresting officer, Brian Smith, transported all three individuals to the Hancock County Jail. (*Id.* ¶ 3.) At the jail, the arresting officer completed a form entitled "Hancock County Jail Prisoners Safe Keeping Record" (Safe Keeping Record). (*Id.* ¶ 4.) The Safe Keeping Record includes a section for the arresting officer to recommend special conditions of bail. (*Id.* ¶ 5.) The Safe Keeping Record lists several bail conditions the arresting officer can select by making a check mark next to the condition. (*See id.* ¶¶ 6–9.) One option allows the officer to recommend that an arrestee have no direct or indirect contact with other individuals. (*Id.* ¶ 8.) The arresting officer did not make a check mark next to the no contact condition for Plaintiff, but under the recommended condition "Have no direct or indirect contact with," the officer wrote "Christopher Smith" on one line and "Steven Rodriguez" on another line. (*Id.* ¶¶ 9–10.) The recommendations in the Safe Keep Record are intended to apply to the person arrested in the event the arrestee is released on

---

[2] Although Plaintiff did not file a response in opposition to Defendants' motion as required by District of Maine Local Rules 7 and 56, the Court "may not automatically grant a motion for summary judgment simply because the opposing party failed to comply with a local rule requiring a response within a certain number of days." *NEPSK, Inc. v. Town of Houlton*, 283 F.3d 1, 7–8 (1st Cir. 2002). The Court must assess whether the moving party has shown "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

bail. (*Id.* ¶ 38.) The bail recommendations are not a directive from the arresting officer to the jail regarding an arrestee's housing assignment. (*Id.* ¶ 39.)

The lower part of the Safe Keeping Record form includes a section entitled "Jail Use Only." (*Id.* ¶ 12.) In this section, for Plaintiff, a handwritten note was added stating "NO Bail" and "Set by Smith." (*Id.* ¶ 13.) The same section identified Defendant Newman as the supervisor and the booking officer. (*Id.* ¶ 14.) Plaintiff was not released on bail and remained in custody at the Hancock County Jail. (*Id.* ¶ 16.)

In her Affidavit in Support of Probable Cause prepared two days after Plaintiff's arrest, Hancock County Assistant District Attorney Heather Staples recommended certain bail conditions, including that Plaintiff have no contact with Christopher Smith and Steven Rodriguez. (*Id.* ¶¶ 17–18.) This affidavit was not addressed to the Hancock County Jail or the Hancock County Sheriff's Office. (*Id.* ¶ 19.)

At the time of Plaintiff's arrest, the Hancock County Jail had a COVID policy requiring new arrestees to quarantine for five days. (*Id.* ¶¶ 21–24.) Following their quarantine period, Plaintiff, Christopher Smith, and Steven Rodriguez were assigned new housing "that was appropriate to their inmate classifications while considering the Jail's security needs and the COVID policy." (*Id.* ¶¶ 25, 26.)

During the evening of December 1, 2022, Steven Rodriguez entered Plaintiff's cell and physically attacked Plaintiff. (*Id.* ¶ 29.) Plaintiff reported the attack the next day. (*Id.* ¶ 30.) According to Plaintiff, he had been trying to get Mr. Rodriguez to admit that he was responsible for the criminal conduct that resulted in their arrest. (*Id.* ¶ 33.)

The Hancock County Jail does not currently have and did not have at the time of Plaintiff's arrest a rule or policy that requires inmates who were arrested together as part of the same offense or who are co-defendants be assigned to different cell blocks or have no contact with each other. (*Id.* ¶¶ 36, 37.) The jail has no record of Plaintiff making a request to be separated from Christopher Smith, Steven Rodriguez, or any other inmate. (*Id.* ¶ 43.) The jail also has no record of Plaintiff communicating a perceived threat from another inmate prior to being attacked by Mr. Rodriguez. (*Id.* ¶ 44.)

## LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "After the moving party has presented evidence in support of its motion for summary judgment, 'the burden shifts to the nonmoving party, with respect to each issue on which he has the burden of proof, to demonstrate that a trier of fact reasonably could find in his favor.'" *Woodward v. Emulex Corp.*, 714 F.3d 632, 637 (1st Cir. 2013) (quoting *Hodgens v. Gen. Dynamics Corp.*, 144 F.3d 151, 158 (1st Cir.1998)).

The Court reviews the factual record in the light most favorable to the non-moving party, resolving evidentiary conflicts and drawing reasonable inferences in the non-movant's favor. *Hannon v. Beard*, 645 F.3d 45, 47-48 (1st Cir. 2011). If the Court's review of the record reveals evidence sufficient to support findings in favor of the non-moving party on one or more of his claims, a trial-worthy controversy exists, and summary judgment must be denied to the extent of the supported claims. Unsupported claims are properly dismissed. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986) ("One of the

principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses.").

### DISCUSSION

Defendants argue summary judgment is appropriate because the record does not support a finding that any of the defendants were deliberately indifferent to a risk posed to Plaintiff by another inmate.

The Cruel and Unusual Punishment Clause of the Eighth Amendment, as applied to the states through the Fourteenth Amendment, imposes a duty on prison officials to protect inmates from violence at the hands of other inmates. *Lakin v. Barnhart*, 758 F.3d 66, 70 (1st Cir. 2014). "That duty has its origins in the forced dependency of inmates[.]" *Giroux v. Somerset Cty.*, 178 F.3d 28, 31 (1st Cir. 1999). "Having incarcerated 'persons [with] demonstrated proclivit[ies] for antisocial criminal, and often violent, conduct,' having stripped them of virtually every means of self-protection and foreclosed their access to outside aid, the government and its officials are not free to let the state of nature take its course." *Farmer v. Brennan*, 511 U.S. 825, 833 (1970) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526 (1984)).

Under the law, however, not every incident of prisoner-on-prisoner violence that results in injury gives rise to constitutional liability. *Lakin*, 758 F.3d at 70. To raise a genuine issue of constitutional liability, a plaintiff must demonstrate that he or she was "incarcerated under conditions posing a substantial risk of serious harm," and that the defendant "acted, or failed to act, with 'deliberate indifference to inmate health or safety.'" *Id.* (quoting *Farmer*, 511 U.S. at 834). In other words, a plaintiff must satisfy both an

objective standard (substantial risk of serious harm) and a subjective standard (deliberate indifference) in order to prove a claim of deliberate indifference. *Kosilek v. Spencer*, 774 F.3d 63, 82 (1st Cir. 2014) (en banc). "[A] prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847; *Burrell v. Hampshire Cty.*, 307 F.3d 1, 8 (1st Cir. 2002) (citing *Farmer*, 511 U.S. at 844) ("Prison officials cannot be indifferent, of course, if they are unaware of the risk.  But even if they are aware, they cannot be deliberately indifferent if they responded reasonably to the risk, even if the harm ultimately was not avoided.").

"To meet the objective requirements of a deliberate indifference claim, Plaintiff must present evidence that Defendants had knowledge of facts that would cause a reasonable person in their position to conclude there was a substantial risk that Plaintiff would suffer serious harm." *Bean v. Reed*, No. 1:13-cv-00196-NT, 2016 WL 2888967, at *6 (D. Me. May 17, 2016), *rec'd dec affirmed*, 2016 WL 3360576 (D. Me. June 15, 2016) (citing *Ramirez-Lluveras v. Rivera-Merced*, 759 F.3d 10, 20 (1st Cir. 2014)).

The bail recommendations of the arresting officer and prosecutor, without more, do not constitute evidence that could support a finding that Steven Rodriguez posed a substantial risk of harm to Plaintiff.  Law enforcement officers and prosecutors frequently request or recommend that co-defendants have no contact to prevent the co-defendants from communicating about the circumstances underlying the criminal charges rather than to prevent one co-defendant from harming another co-defendant.  Without other evidence

to suggest that Steven Rodriguez posed a risk of harm to Plaintiff, a factfinder could not reasonably infer that the bail recommendation placed Defendants on notice that Plaintiff was at risk of harm. Plaintiff did not express concern for his safety or request to be separated from Mr. Rodriguez and the record does not otherwise contain any evidence to suggest that Plaintiff was at risk of harm from Mr. Rodriguez. In sum, the record lacks sufficient evidence to satisfy the objective prong of the deliberate indifference test. Accordingly, Defendants are entitled to judgment as a matter of law.

## CONCLUSION

Based on the foregoing analysis, I recommend the Court grant Defendants' Motion for Summary Judgment and enter judgment in favor of Defendants.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum and shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 13th day of December, 2024.